**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HSBC BANK USA, N.A., | : | CIVIL ACTION NO. 08-3549 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| ANTHONY D. NINI and GINA M. NINI, | : | |
| Defendants/Third-party Plaintiffs, | : | |
| v. | : | |
| FGC COMMERCIAL MORTGAGE FINANCE and STERLING FINANCIAL SERVICES, INC., | : | |
| Third-party Defendants. | : | |

**THE THIRD-PARTY DEFENDANT** Sterling Financial Services, Inc. ("SFS"), removing this action on July 11, 2008, from state court pursuant to 28 U.S.C. § 1331 based upon third-party claims asserted against it (dkt. entry no. 1, Rmv. Not.); and the third-party defendant FGC Commercial Mortgage Finance ("FGC") and the plaintiff consenting to removal (id. at 4); and the defendants/third-party plaintiffs, Anthony D. Nini and Gina M. Nini ("Nini Parties"), timely moving to remand the action and for an award of costs (dkt. entry no. 5, Mot. to Remand), see 28 U.S.C. § 1447(c); and the Court determining the motion without oral

argument, based upon a review of the papers filed on the docket, see Fed.R.Civ.P. 78(b); and

**IT APPEARING** that the Nini Parties initially filed a Third-party Complaint asserting claims under federal law against SFS and FGC in September 2007 (Rmv. Not., Ex. B, Answer & 3d-Party Compl. at 7-19 (asserting claims under Federal Truth In Lending Act ("TILA") and Federal Real Estate Settlement Procedures Act); dkt. entry no. 12, Nini Parties Reply Br. in Support of Mot. to Remand at 2 (noting same)); and

**IT APPEARING** that SFS received the initial Third-party Complaint on or before April 29, 2008 (see Rmv. Not., Ex. C (SFS's motion filed in state court on 4-29-08 to dismiss the initial third-party claims); dkt. entry no. 6, Nini Parties Br. in Support of Mot. to Remand at 2, 8 (stating SFS served with initial Third-party Complaint on 3-24-08); dkt. entry no. 7, LoBosco Decl., Ex. A (affidavit attesting to service on SFS on 3-24-08); id., Ex. D (SFS's brief in support of the motion filed in state court on 4-29-08 to dismiss the initial third-party claims)); and

**IT ALSO APPEARING** that FGC received the initial Third-party Complaint on or before May 7, 2008 (LoBosco Decl., Ex. B (documents demonstrating FGC was served on either 3-17-08 or 3-18-08); id., Ex. E (FGC's motion and brief in support filed in state court on 5-7-08 to dismiss the initial third party claims);

Nini Parties Br. in Support of Mot. to Remand at 3-4, 8 (stating FGC served with initial Third-party Complaint on 3-18-08, counsel appeared for FGC in state court on 4-17-08, and FGC moved in state court on 5-7-08 to dismiss the initial third-party claims)); and

**IT APPEARING** that the Nini Parties served SFS on June 12, 2008, with an Amended Third-party Complaint, which also contained TILA claims (Rmv. Not. at 2; id., Ex. D, Am. 3d-Party Compl. at 2-3); and SFS removing the action within thirty days of being served with the Amended Third-party Complaint; and

**SFS** arguing that the initial third-party claims asserted under federal law were frivolous (see dkt. entry no. 11, SFS Br. in Opp. at 2; Rmv. Not. at 2 (noting SFS's motion filed in state court on 4-29-08, to dismiss third-party claims)); but it appearing that the initial Third-party Complaint — despite SFS's argument — definitively placed SFS on notice of the federal law claims being asserted against it; and it appearing that a notice of removal must be filed within thirty days of receipt of "the initial pleading setting forth the claim for relief upon which such action . . . is based," 28 U.S.C. § 1446(b); and it further appearing that if "the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt . . . of an amended pleading . . . from which it may first be ascertained that the case is one which is or has

become removable," id.; and the Court concluding that the case stated by the initial Third-party Complaint was removable, and thus the thirty-day period began when SFS and FGC received the initial Third-party Complaint; and it appearing that the thirty-day period to remove the action from state court had elapsed well before SFS removed the action; and thus the Court intending to grant the part of the motion seeking remand, and remand the action;[1] but

**THE NINI PARTIES** also seeking an award of costs, see 28 U.S.C. § 1447(c) (stating "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal"); and the Court having broad discretion over whether to require the payment of costs and expenses, see Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996); and it appearing that issues arose concerning the propriety of the federal law claims asserted in the initial Third-party Complaint as the action proceeded in state court, thereby creating some confusion as to when the thirty-day removal period began to run (SFS Br. in Opp. at 2-5); and thus the Court intending to deny the part of the motion seeking an award of costs, as there was an objectively reasonable basis for the

---

[1] The Court will not address the other arguments raised by the Nini Parties in support of the part of the motion seeking remand, as they have been rendered moot.

removal; and for good cause appearing, the Court will issue an appropriate order and judgment.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: March 10, 2009